THE CONSOLIDATED ROYALTY OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65886. Promulgated August 28, 1934.

*Frank W. Mondell, Esq.*, and *Wm. H. Mondell, Esq.*, for the petitioner.

*James K. Polk, Jr., Esq.*, and *B. D. Daniels, Esq.*, for the respondent.

## OPINION.

ARUNDELL: Petitioner claims, first, that the sums of $4,500 in 1929 and $1,500 in 1930 should not have been included in gross income because they were not its property, but were merely collected for and paid over to Rigdon and Howell. In the alternative, petitioner contends that the payments were royalties and deductible as expenses.

Rigdon and Howell did not assign to petitioner a royalty interest, and so it cannot be said that petitioner collected any royalties to be paid over to them. Under paragraph third of the assignment they were to receive $6,000 per year until $60,000 was paid. While it was provided that the payment of $6,000 annually was subject to the condition that that amount was realized " from the royalty oil herein assigned," the fact is that Rigdon and Howell had no royalty interest to assign. All they had was an undivided interest in the Johnson claims which were then the subject of controversy

among various claimants. No lease or other muniment of title to the oil or the land had then been obtained. In this respect the case differs from *Looney* v. *United States*, 26 Fed. (2d) 481; affd., 29 Fed. (2d) 884, cited by petitioner. In that case there was a dispute as to the ownership of a certain royalty interest in the production from a proven field. A compromise was reached whereby the parties claiming adversely to Looney withdrew their claims in consideration of their receiving the royalties on the interest in dispute until such royalties amounted to $200,000. The court held that Looney " parted with all right or interest in or to the royalty " until it amounted to the sum stated. Consequently such royalties were not income to Looney. Here, as above pointed out, there was no royalty interest, as such, in existence when the assignment of December 22, 1920, was executed. The effect of that assignment was to remove Rigdon and Howell as owners of an interest in the claims and any leases that might be obtained to the lands, and pro tanto enlarge the interests of the assignees. We are accordingly of the opinion that the assignment from Rigdon and Howell affords no ground for excluding from petitioner's gross income any sums realized from the operation of leases subsequently acquired.

What we have said above indicates our view of the alternative claim for deductions of the amounts paid to Rigdon and Howell. There was no royalty interest assigned by them and no royalties as such were payable to them. The substance of the contract was a conveyance to the assignees of an undivided interest in unpatented claims to land, and payments made thereunder were capital expenditures. The question here is similar to that decided in *Comar Oil Co.* v. *Burnet*, 64 Fed. (2d) 965, affirming 24 B.T.A. 688. In that case the taxpayer acquired oil and gas leases, agreeing to pay therefor certain sums in cash and further sums out of the oil and gas produced from the leased premises. The opinion of the court reads in part:

We think the statute makes plain distinction between rentals or other payments for the continued use or possession of property to which the taxpayer has not taken title or in which it has no equity on the one hand, and rentals or other payments for the continued use or possession of property to which the taxpayer has taken title or in which it has an equity on the other hand. The former rentals are deductible; the latter are not.

  *  *  *  *  *  *  *

In the case at bar, it is clear that title to the property was taken by the petitioner.

In the present case the instrument of assignment operated to vest the assignees with title to whatever interest the assignors had, hence the payments made were for the acquisition of a capital asset and were not royalties or rents paid for the right to explore and develop.

In view of our holdings above it is unnecessary to consider the contention of counsel for respondent that petitioner is estopped to claim deductions for 1929 and 1930 because of its acceptance of a settlement for prior years, 1922 to 1925, based on a capitalization of payments made to Rigdon and Howell.

*Decision will be entered for the respondent.*